Turner Constr. Co. v Endurance Am. Specialty Ins. Co. (2018 NY Slip Op 03224)





Turner Constr. Co. v Endurance Am. Specialty Ins. Co.


2018 NY Slip Op 03224


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Friedman, J.P., Andrias, Kapnick, Kahn, JJ.


3025 653917/13

[*1]Turner Construction Company, et al., Plaintiffs-Appellants,
v
Endurance American Specialty Insurance Company, et al., Defendants-Respondents.


Saxe Doernberger & Vita, P.C., New York (Richard W. Brown of counsel), for appellants.
Litchfield Cavo LLP, New York (Vincent J. Velardo of counsel),
for Endurance American Specialty Insurance Company, respondent.
Carroll McNulty & Kull LLC, New York (Denise Marra DePekary of counsel), for Everest National Insurance Company, respondent.



Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered May 14, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment, and granted defendant Endurance American Specialty Insurance Company's (Endurance) cross motion for summary judgment declaring that it had no obligation to defend or indemnify plaintiffs in an underlying personal injury action, unanimously affirmed, without costs.
The Dormitory Authority of the State of New York (DASNY), the owner of the project, retained plaintiff Skidmore Owings & Merrill, LLP to provide architectural services. Skidmore entered into a contract with plaintiff Turner Construction Company for construction management services. DASNY also entered into a contract with KJC Waterproofing, Inc. for the performance of all the roofing and exterior waterproofing work. KJC subcontracted the installation of the garden roofing to Plant Fantasies, the underlying plaintiff's employer, by a written purchase order.
Pursuant to the DASNY-KJC contract, KJC procured insurance coverage from Endurance along with an excess liability policy from defendant Everest National Insurance Company. Turner and Skidmore commenced this coverage action against Endurance and Everest, seeking a declaration that, inter alia, Endurance was obligated to defend and indemnify them as additional insureds under the Endurance policy.
The Endurance policy includes the following additional insured endorsement:
"ADDITIONAL INSURED BY CONTRACT, AGREEMENT OR PERMIT
"WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization with whom you agreed, because of a written contract or written agreement or permit to provide insurance such as is afforded under this policy, but only with respect to your operations, your work' or facilities owned or used by you."
As we have previously decided in Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co. (143 AD3d 146 [1st Dept 2016], affirmed by the Court of Appeals on March 27, 2018 (_ NY3d_, 2018 NY Slip Op 02117 [2018]), this language, which interprets the phrase "because of a written contract" in conjunction with the preceding phrase "with whom you [the named insured] agreed," is susceptible to only one meaning: that to obtain additional insured status, plaintiffs, Turner and Skidmore, were required to have a direct contract with Endurance's [*2]named insured, KJC. Because neither Turner nor Skidmore had such an agreement with KJC, they do not qualify for coverage under the language of the additional insured endorsement and Endurance was not obligated to defend or indemnify them in the underlying action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK